

MARGOLIN, WEINREB & NIERER, LLP

C. LANCE MARGOLIN, ESQ.     ALAN WEINREB, ESQ.     CYNTHIA A. NIERER, ESQ.

May 18, 2023

<u>Via ECF</u>
The Honorable Judge Gary R. Brown
United States District Court—E.D.N.Y.
100 Federal Plaza
Central Islip, NY 11722

RE:   Green Mountain Holdings (Cayman) Ltd v. 130 Cinnamon Court, Ltd., et al.,
<u>Civil Action No. 22-cv-00328-GRB-SIL</u>

Dear Judge Brown:

We represent Green Mountain Holdings (Cayman) Ltd ("Plaintiff") in the above-referenced commercial foreclosure action. Please accept this letter as a request for pre-motion conference before filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

This is a commercial mortgage foreclosure action in which Plaintiff is the owner and holder of a promissory Note ("Note"), Mortgage ("Mortgage") and Personal Guarantee executed by Defendant Dyane Lagrega on behalf of Defendant 130 Cinnamon Court, Ltd. (LaGrega and 130 Cinnamon Court, Ltd. are collectively referred to as "Defendants"). The mortgage is secured by the premises known as 130 Cinnamon Court, Melville, New York 11747. Plaintiff accelerated the entire amount of indebtedness and therefore, is seeking to foreclose the mortgage for Defendants' repeated failures to make the requisite monthly installment payments due thereunder. The documents attached to Plaintiff's Amended Complaint establish that Plaintiff is the owner and holder of the Note and Mortgage executed by Defendants. *See,* Amended Complaint at Docket No. 9-1 (Mortgage, Note with allonge and Assignment of Mortgage).

Default notices, which were also attached to Plaintiff's Complaint, establish that Defendants defaulted on the required monthly payments. Therefore, Plaintiff has a presumptive right to foreclose the Mortgage. Indeed, Defendants have not alleged any facts in their Answer (hereinafter the "Answer") to defeat this right. *See* Defendants' Answer at Docket No. 34.

The undisputed facts are as follows:
1) On or about September 13, 2019, 130 Cinnamon Court, Ltd. executed and delivered a Note to Golden Bridge LLC d/b/a Golden Bridge Funding LLC in the amount of $375,000.00 (the "Note") with interest as provided therein;
2) Also on September 13, 2019, Dyane Lagrega executed a Personal Guarantee wherein she personally guaranteed payment of the Note and Mortgage to the lender, its successors and assigns.

WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

165 EILEEN WAY, SUITE 101     SYOSSET, NEW YORK 11791     T. (516) 921-3838     F. (516) 921-3824     WWW.NYFCLAW.COM

3) On or about September 13, 2019, 130 Cinnamon Court, Ltd. executed and delivered a Mortgage to Golden Bridge LLC d/b/a Golden Bridge Funding LLC, mortgaging Defendant's property located at 130 Cinnamon Court, Melville, New York 11747, to secure Defendants' obligations under the Note;
4) Plaintiff became the owner and holder of the Note, Mortgage and Personal Guarantee, which was memorialized by an Allonge affixed to the Note and Assignment of Mortgage;
5) Defendant defaulted under the terms of the Note and Mortgage by failing to make the monthly installment payment due on August 2, 2020 and failed to pay the matured balance due on October 1, 2020;
6) Defendant failed to cure the default and on February 18, 2021, the 30-day notice to cure was sent to Defendants by certified mail and regular mail; and
7) Defendant has failed to make any subsequent monthly installment payment since the default and maturity of the loan.

Additionally, it is undisputed that the terms of the Note and Mortgage expressly authorize Plaintiff to accelerate the entire unpaid principal balance due along with interest and certain other fees, and to foreclose the Mortgage in the event Defendants default on making the monthly installment payments.

Therefore, Plaintiff has a presumptive right to judgment as a matter of law on its foreclosure claim. In the Second Circuit, a plaintiff-mortgagee has a presumptive right to judgment as a matter of law where "the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." *See Greystone Bank v. Skylin Woods Realty, LLC et al.,* 817 F. Supp. 2d 57 (Sept. 15, 2011) (quoting *Bank of Am., Nat'l Assoc. v. Cammack Props., LLC,* 2010 U.S. Dist. LEXIS 136305, 2010 WL 5139219, at *4 (E.D.N.Y. 2010); *United States v. Acomb,* 2000 U.S. App. LEXIS 15797, 4-5 (2d Cir. N.Y. June 29, 2000) (granting summary judgment where the government "amply documented the transactions at issue as well as the [mortgagor's] default on the loans"). Here, Plaintiff has produced the Note, Mortgage, and the default notice, thereby establishing its presumptive right to judgment as a matter of law.

To defeat a mortgagee's presumptive right to summary judgment upon production of the subject note, mortgage, assignments and default notices, the mortgagor must present an affirmative defense, supported by admissible evidence, "sufficient to require a trial (of that defense) . . . mere conclusions, expressions of hope, unsubstantiated allegations or assertions are insufficient." *See Resolution Trust Co. v. JI. Sopher &amp; Co., Inc.,* 94 Civ. 7189, 1995 U.S. Dist. LEXIS 11628, at *7 (S.D.N.Y. Aug, 11, 1995). Defendant's general denials and boilerplate affirmative defenses are insufficient as a matter of law to defeat Plaintiff's presumptive right to foreclose.

Therefore, Plaintiff requests permission to file a Motion for Summary Judgment and respectfully requests a pre-motion conference to be held at the Court's convenience. We thank the Court for its review of our request.

Respectfully Submitted,

By: */s/Alan H. Weinreb*
Alan H. Weinreb, Esq.

cc: David L. Singer, Esq., attorney for Defendants (via ECF)