UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GREEN MOUNTAIN HOLDINGS
(CAYMAN) LTD.,

                     Plaintiff,

     -against-

130 CINNAMON COURT, LTD., DYANE
LAGREGA, THE COUNTRY POINTE AT
MELVILLE HOMOEOWNERS
ASSOCIATION, INC.,

                    Defendants.
-----------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
22-CV-328(GRB)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this mortgage foreclosure action, on referral from the Honorable Gary R. Brown for Report and Recommendation, is Plaintiff Green Mountain Holdings (Cayman) Ltd.'s ("Plaintiff" or "Green Mountain") motion for entry of judgment pursuant to the parties' Consent to Judgment and Settlement Agreement ("Pl.'s Mot."). *See* Docket Entry ("DE") [72]. Defendants 130 Cinnamon Court, Ltd. ("130 Cinnamon Court") and Dyane LaGrega ("LaGrega" and, together, "Defendants") agreed to entry of the Consent to Judgment based upon the terms of a November 5, 2025 settlement agreement (the "Settlement Agreement"), DE [72-1], entered between the parties. DE [73]. For the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion, DE [72], be granted.

The factual background regarding Defendants' default resulting in this action is described at length in this Court's May 7, 2025 Report and Recommendation recommending that Plaintiff's motion for summary judgment, DE [56], be denied and

1

that Defendants' cross-motion for leave to file an amended answer, DE [57], be granted (the "Summary Judgment R&R").  DE [60].[1]  On July 14, 2025, Judge Brown adopted the Summary Judgment R&R in its entirety.

On or about November 5, 2025, the parties executed the Settlement Agreement, DE [72-1], which Plaintiff now seeks to enforce.[2]   The Settlement Agreement includes a "Discounted Payoff Provision through March 1, 2026" (the "Discounted Payoff Provision"), which allows Defendants to make a discounted payoff sum of $685.000.00 in complete satisfaction of the amounts owed to Plaintiff. Settlement Agreement § 1(b).   Defendants were required to make any such "discounted payoff" payment by March 1, 2026.  *Id.*

In conjunction with the Settlement Agreement, the parties executed a Consent to Judgment and Deed to the Property (the "Consent to Judgment"), DE [78-2], in which Defendants expressly consent to the entry of a Judgment of Foreclosure and Sale in the event Defendants breached the Discounted Payoff Provision of the Settlement Agreement.  *Id.*  The Consent to Judgment provides that Defendants "acknowledge, agree and consent that (1) the Plaintiff claimed in the Action that the amount due on the Note and Mortgage as of August 29, 2025, is . . . $875,203.01 . . .

---

[1] In any event, the underlying facts are not relevant here, as the parties do not dispute that the Consent to Judgment or Proposed Judgment of Foreclosure and Sale should be entered.

[2] Although the Consent to Judgment states that the parties entered the Settlement Agreement on or about August 19, 2025, *see* Consent to Judgment § 5, this appears to be an error, as the Consent to Judgment reflects that it was fully executed on October 28, 2025.  *See* DE [72-2].  Likewise, Green Mountain's representation in its motion that the parties entered the Settlement Agreement on October 28, 2025 is inaccurate, as Green Mountain did not execute the Settlement Agreement until November 5, 2025.  DE [72-1].  Accordingly, October 28, 2025 is the effective date of the Consent to Judgment, and November 5, 2025 is the effective date of the Settlement Agreement, and the Court will rely upon these dates where necessary.

inclusive of unpaid principal balance, accrued interest, late fees and unpaid loan charges and advances . . . ." Consent to Judgment § D. To this end, in its motion, Green Mountain asserts that:

> Defendants contemporaneously executed a Consent to Judgment, in which they expressly (i) consented to the entry of a Judgment of Foreclosure and Sale, (ii) waived the appointment of a referee to compute, and (iii) agreed that the Judgment shall incorporate the agreed-upon Judgment Amount of $875,203.01, together with interest accruing from August 29, 2025 at the statutory rate of 9% per annum.

DE [71]; *see* Consent to Judgment § E. The Settlement Agreement provides that, if Defendants failed to pay Green Mountain by March 1, 2026, Green Mountain would be entitled to "file and otherwise enforce the Consent Judgment and/or Deed in Escrow." Settlement Agreement § 2. The Settlement Agreement further requires that Defendants informed Plaintiff by March 1, 2026 "as to whether the sale of the Property [could] be completed by June 1, 2026." *Id.* at § 1(c). Pursuant to the Settlement Agreement, "[a]y extension of time beyond March 1, 2026 will accrue 15% interest from March 1, 2026 until the sale date." *Id.*

Moreover, in the Consent to Judgment, Defendants "expressly consent to the entry of Judgment of Foreclosure and Sale." Consent to Judgment § E; *see* Proposed Judgment of Foreclosure and Sale ("Proposed Judgment"), DE [72-3]. Like the Consent to Judgment, the Proposed Judgment provides that "[i]nterest shall accrue on the sum of $875,203.01 from August 29, 2025 through the date of entry of this Judgment at the statutory rate of nine percent (9%) per annum pursuant to CPLR § 5004.". *Id.*

On March 3, 2026, Plaintiff filed the instant motion seeking entry of the Proposed Judgment pursuant to the Consent to Judgment and Section 2 of the Settlement Agreement.  DE [72].  Relying upon the Settlement Agreement, Green Mountain asserts that Defendants failed to make the Discounted Payoff on or before March 1, 2026 and "requests that the Court enforce the Consent to Judgment and enter the proposed Judgment of Foreclosure and Sale . . . ." *Id.*   In a March 3, 2026 email to Plaintiff's counsel, Defendants' counsel stated that Defendants had "not been able to consummate the sale of [the Property] and pay the settlement amount" by March 1, 2026, and that they sought to "take advantage of the provision of the Settlement Agreement that allows the property to be sold on or before June 1, 2026, with per diem interest accruing after March 1, 2026."  DE [73].  Defendants make the same assertion in their response to Green Mountain's motion.  *Id.*

Here, there is no dispute that the Settlement Agreement allows for entry of the Consent to Judgment, which subsequently allows for entry of the Proposed Judgment. *See* Settlement Agreement § 2; Consent to Judgment § E.  Indeed, Defendants seek entry of the Consent to Judgment due to their failure to effectuate sale of the Property.  DE [73]l Settlement Agreement § 2.  Entry of a judgment of foreclosure and sale, such as that involved in this action, is appropriate when agreed upon in a settlement agreement.  *See E. Sav. Bank, FSB v. Moore*, 49 F. Supp. 3d 276, 282 (E.D.N.Y. 2014) (holding that entry of judgment of foreclosure and sale was appropriate based upon settlement agreement); *Citimortgage v. Elniski*, 219 A.D.3d 1377, 1379-80, 193 N.Y.S. 585, 587 (4th Dep't 2023) (holding that foreclosure was

4

enforceable based upon stipulation consenting to the foreclosure).   As Green Mountain and Defendants agree that the Consent to Judgment should be entered, the Court respectfully recommends that Plaintiff's motion be granted, that the Consent to Judgment be approved, and that the Judgment of Foreclosure and Sale be entered.[3]  Accordingly, the Court respectfully recommends that Plaintiff's motion, DE [72], be granted and that the Court enter the Judgment of Foreclosure and Sale, DE [72-3], submitted in support of Plaintiff's motion as unopposed.

A copy of this Report and Recommendation is being served on all parties via electronic filing on the date below.   Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:      Central Islip, New York          /s/ Steven I. Locke
            June 11, 2026                     STEVEN I. LOCKE
                                              United States Magistrate Judge

---

[3] Insofar as Defendants assert that per diem interest should accrue beginning March 1, 2026, *see* DE [73], that is inconsistent with the Consent to Judgment and Proposed Judgment.  Although the Settlement Agreement provides for accrual of interest at an annual rate of 15% after March 1, 2026, the only issue before the Court is the entry of the Proposed Judgment, to which Defendants consent. That agreement provides that interest on the judgment amount of $875,203.01 begins to accrue on August 29, 2025 at an annual rate of 9%.  *See* Consent to Judgment § D; Proposed Judgment § 3.